UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE MENDENHALL, et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>DIANA CHRISTENSEN, et al.,<br><br>　　　　　Defendants. | Case No. 16-cv-04232-JSC<br><br>**ORDER TO REASSIGN AND REPORT AND RECOMMENDATION TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM**<br><br>Re: Dkt. No. 1 |

Plaintiffs Janice Mendenhall and Mark Cato, proceeding pro se, bring this action against Dana Christensen, Ana Oseguda, Ivan Morales, and Joseph Quartell. The Court previously granted Plaintiffs' applications to proceed in forma pauperis and reserved to a later time evaluation of the Complaint under 28 U.S.C. § 1915. (Dkt. No. 6.) Because Plaintiffs have declined to consent to the jurisdiction of the undersigned magistrate judge, the Clerk of the Court is ordered to REASSIGN this action to a district court judge, and for the reasons explained below, the Court recommends that district court DISMISS the action.

**BACKGROUND**

The nature of Plaintiffs' action here is unclear. Their Complaint is captioned: "Complaint for Civil Rights Violation of Decisions of Commissioner of Social Services Appeals Unit of San Francisco, California," but the Complaint and its attachments all relate to state subsidized public benefits for families like CalWorks and food stamps, and not federally provided social security benefits. (Dkt. No. 1 at 1.[1]) The page and a half Complaint begins with an introductory paragraph which states that Plaintiffs seek to "obtain[] reimbursements for damages as a result of defendants

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1   actions to the plaintiffs as follows: General Negligence, Intentional Trot [sic], Intentional Slander,
2   Liability, Pain and Suffering." (*Id.*) This is followed by three numbered paragraphs; the first of
3   which states that Plaintiffs are residents of the City of San Francisco and the State of California.
4   (*Id.* at ¶ 1.) The second paragraph states that Plaintiffs complain of a "decision of the defendants
5   which adversely affect [sic] the plaintiffs in whole or in part" and "has become the final decision
6   of the Commissioner of Social Services Appeals Unit" regarding a claim for "CalWORKs Cash
7   and Food Stamps." (*Id.* at ¶ 2.) Paragraph three states that Plaintiffs have exhausted their
8   administrative remedies and that the Court has jurisdiction under 42 U.S.C. § 405(g). (*Id.* at ¶ 3.)
9   On their civil cover sheet, Plaintiffs checked the box for "other civil rights" under Nature of Suit
10  and indicate that they are suing under 42 U.S.C. § 405(g) for violation of civil rights. (Dkt. No. 1-
11  2 at 1.)
12       Plaintiffs submitted 83 pages of documents with their Complaint which suggest that their
13  claims relate to the decision of the Human Services Agency for the City and County of San
14  Francisco to deny their request for retroactive public assistance benefits following the birth of their
15  second child based on the Maximum Family Grant rule under CalWorks regulations. *See, e.g.*,
16  Dkt. No. 1 at 61-67; Dkt. No. 1-1 at 8-11.

## LEGAL STANDARD

Under 28 U.S.C. § 1915, the Court has a continuing duty to dismiss any case in which a party is proceeding in forma pauperis if the Court determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous for Section 1915 purposes where there is no subject matter jurisdiction. *See Castillo v. Marshall*, 207 F.3d 15, 15 (9th Cir. 1997) (citation omitted); *see also Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987) (recognizing the general proposition that a complaint should be dismissed as frivolous on Section 1915 review where subject matter jurisdiction is lacking). Upon dismissal, pro se plaintiffs proceeding in forma pauperis must be given leave to "amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1235 n.9 (9th Cir. 1984) (internal citations and quotation marks omitted);

*Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Further, as courts of limited jurisdiction, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331 and (2) diversity jurisdiction under 28 U.S.C. § 1332. Here, the basis for subject matter jurisdiction is unclear.

To properly allege diversity jurisdiction, a plaintiff must claim damages in excess of $75,000. 28 U.S.C. § 1332(a). The Civil Cover Sheet indicates that Plaintiffs seek $222,684 in damages, which satisfies the amount in controversy requirement. (Dkt. No. 1-2 at 1.) However, "diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff." *Diaz v. Davis (In re Digimarc Corp. Derivative Litig.)*, 549 F.3d 1223, 1234 (9th Cir. 2008); 28 U.S.C. § 1331. Here, Plaintiffs allege that they are both residents of the State of California, and although it is not clear who the Defendants are, given that the underlying controversy appears to relate to decisions made by the Human Services Agency for the City and County of San Francisco it would seem unlikely that Defendants are non-California residents. In any event, where a plaintiff makes no allegations in the complaint regarding citizenship, the court cannot properly exercise diversity jurisdiction over the claim. *See Kanter v. Warner–Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("[F]ailure to specify state citizenship [is] fatal to [an] assertion of diversity jurisdiction."); *Rilling v. Burlington N. R.R. Co.*, 909 F.2d 399, 400 (9th Cir. 1990) (holding that there was no diversity jurisdiction where the plaintiff made no allegations with respect to the citizenship of the defendant).

Next, although Plaintiffs seem to suggest that there is federal question jurisdiction, this is not apparent from the Complaint. For federal question jurisdiction pursuant to 28 U.S.C. § 1331, the complaint must either (1) arise under a federal law or the United States Constitution, (2) allege a "case or controversy" within the meaning of Article III, section 2, or (3) be authorized by a

jurisdiction statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962). "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (internal citation and quotations marks omitted).

Plaintiffs allege jurisdiction under 42 U.S.C. § 405(g); however, this section governs judicial review of final decisions of the Commissioner of Social Security and Plaintiffs' Complaint indicates that they are seeking review of a determination regarding CalWorks and food stamps, not social security benefits. Because Plaintiffs do not seek review of a social security decision, Section 405(g) does not provide a basis for jurisdiction over their claim. Further, decisions regarding public benefits like CalWORKS are appealable to an administrative law judge and by mandamus to the California state superior courts. *See* Cal. Civ. Proc. Code § 1094.5; *see also* California Department of Social Services, Frequently Asked Questions, http://www.cdss.ca.gov/cdssweb/PG3602.htm ("file your petition in the Superior Court of the county named in your decision.") (last visited Sept. 1, 2016). From the attachments to Plaintiffs' complaint, it appears that they in fact sought review before the San Francisco Superior Court in December 2013. (Dkt. No. 1-1 at 69-70; Dkt. No. 1-1 at 1-16.)

Finally, although Plaintiffs complain of "civil rights violations" they have not explained what those violations are. To state a claim under Section 1983, a complaint "must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). To adequately plead these elements, the complaint must identify what constitutional or other federal right each defendant violated, providing sufficient facts to plausible support each purported violation. *See, e.g.*, *Drawsand v. F.F. Props., L.L.P.*, 866 F. Supp. 2d 1110, 1121 ("Aside from passing references to due process and equal protection, the Complaint fails to allege how [plaintiffs'] constitutional rights were violated and fails to identify each Defendant's role therein."); *Walsh v. Am. Med. Response*, No. 2:13-cv-2077 MCE KJN (PS), 2014 WL 2109946, at *7 (E.D. Cal. May 20, 2014) ("Before any claims may be found to be

cognizable, plaintiffs must separate each specific claim they wish to pursue, identify which defendants relate to each particular claim, and identify the Constitutional right implicated by each claim.").

Plaintiffs have simply alleged that their civil rights were violated. To the extent that they seek to challenge the Human Services Agency's application of the Maximum Family Grant rule, they must tie this claim to a violation of their constitutional rights or federal law. Further, the Complaint names four individuals as defendants, but the documents attached to the Complaint only appear to reference two of the defendants: Joseph Quartell and Ivan Morales. *See, e.g*., Dkt. No. 1 at 20 ("cc: Collections: Joseph Quartell"); 41("City & County Worker Ivan Morales"); 58 ("Agency Representative: Ivan Morales").

As such, Plaintiffs' Complaint, even liberally construed, fails to allege how their civil rights were violated or that such violations were done by persons acting under color of law. Liability may be imposed on an individual defendant under § 1983 only if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir.1988). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633.

Because Plaintiffs have not adequately alleged a basis for federal question jurisdiction and it does not appear from the face of the Complaint that there is a basis for federal diversity jurisdiction, Plaintiffs have not provided a basis for subject matter jurisdiction over their claims. *See Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996) ("A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction.").

## CONCLUSION

For the reasons stated above, the Court RECOMMENDS that the newly assigned district judge DISMISS this action with leave to amend. Any amended complaint would need to comply with the guidelines set forth in Rule 8(a). This rule requires that a complaint for relief include (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain

5

statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. A pleading may not simply allege a wrong has been committed and demand relief; it must state the elements of the claim plainly and succinctly. Plaintiffs must allege with at least some degree of particularity the facts in which the defendant(s) engaged to support the claim. *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

As Plaintiffs are proceeding pro se, the Court directs their attention to the Handbook for Pro Se Litigants, which is available along with further information for the parties on the Court's website located at http://cand.uscourts.gov/proselitigants.  Plaintiffs may also contact the Legal Help Center, 450 Golden Gate Avenue, 15th Floor, Room 2796, Telephone No. (415)782-8982, for free assistance regarding their claims.

Any party may file objections to this Report and Recommendation with the district court judge within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); Civ. L.R. 72-3.  Failure to file objections within the specified time may waive the right to appeal the district court's ultimate order.

**IT IS SO ORDERED.**

Dated:  September 1, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE MENDENHALL, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DIANA CHRISTENSEN, et al.,<br><br>Defendants. | Case No. 16-cv-04232-JSC<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 1, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Janice Mendenhall
Mark A. Cato
1030 Fairfax Avenue
San Francisco, CA 94124

Dated: September 1, 2016

Susan Y. Soong
Clerk, United States District Court

By:_____
Ada Means, Deputy Clerk to the
Honorable JACQUELINE SCOTT CORLEY