IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JANICE MENDENHALL, et al.,

    Plaintiffs,

v.

DIANA CHRISTENSEN, et al.,

    Defendants.

No. 16-cv-4232 CRB

**AMENDED ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**

The Court issued an order in this case on December 2, 2016. See Order (dkt. 18). It appears, however, that the order was not served on Plaintiffs. The Court therefore issues this amended order DISMISSING Plaintiffs' first amended complaint ("FAC") with leave to amend within 30 days from the issuance of this amended order.

Plaintiffs Janice Mendenhall and Mark Cato, proceeding pro se, bring this action against Diana Christensen, Ana Oseguda, Ivan Morales, and Joseph Quartell. Plaintiffs have been granted leave to proceed in forma pauperis. See IFP Order (dkt. 6). Pursuant to 26 U.S.C. section 1915, the Court dismissed the original complaint. Plaintiffs filed an amended complaint which, for the reasons to follow, is DISMISSED with leave to amend.

## I. BACKGROUND

The nature of Plaintiffs' action is unclear. As before, the FAC is entitled: "Complaint for Civil Rights Violation of Decisions of Commissioner of Social Services Appeals Unit of San Francisco, California" and appears to complain about the denial of state-subsidized public benefits for families like CalWorks and food stamps. See FAC (dkt. 17) at 1-5. The

Plaintiff's allege a "deprivation of our [First] Amendment Right" to petition "for a governmental redress of grievances," which they take to mean a right to "make an official complaint to any government body without the fear of that body arresting you or sanctioning you in any way." FAC at 2. They also allege a deprivation of their Seventh Amendment rights, which they maintain guards against the "establishment of arbitrary courts of justice, where the decision of the judges is subject to the whims and control of the government. Id. They then make the following allegations against each of the four named defendants – all of which they assert violated their civil rights:

### A. Allegations Against Defendant Diana Christensen

Christensen refused to release "[i]information [r]elated to eligibility" for state benefits and hung up on Plaintiffs after telling them "I am not supposed to talk to you, if you want to get your money and see your case you must take us to court!" Id. She also made "numer[o]us error" and "intentionally typed [them] into the system." Id.

### B. Allegations Against Defendant Ana Oseguda

Oseguda "collaborated" with Christensen in not releasing eligibility information and "stopping access" to their state case. Id. She also participated in "misleading" them during state court proceedings by "stating that these our [sic] Judges when they are retired attorneys for the County." Id. at 2-3. Finally, she "continue[s] to harass" their family. Id. at 3.

### C. Allegations Against Defendant Ivan Morales

Morales "slander[ed] [Plaintiffs'] family name within the department of Human Services by label[ing] [their] case a hard case and putting out a statement that Mr. Cato was running from the law without any proof." Id. He also "abuse[d] his power by doing whatever he wanted" with Plaintiffs' case in "retaliation" for an undisclosed exercise of First Amendment rights. Id. He did not provide adequate notice or explanation about why their request for retroactive public assistance was denied. Id. These actions, Plaintiffs allege, also violated Title II of the Americans with Disabilities Act (ADA) and Title VI of the Civil Rights Act along with various state laws, which they take to not only prohibit discrimination but also require that people "be treated with courtesy, consideration, and respect." Id.

### D. Allegations Against Defendant Joseph Quartell

Quartell, a state collection agent, "incorrectly collected funds" from Plaintiffs "without sending an adequate notice to the family." Id. at 4. Failure to correct these alleged errors caused Plaintiffs "pain and suffering." Id.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1915, the Court has a continuing duty to dismiss any case in which a party is proceeding in forma pauperis if the Court determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous for Section 1915 purposes where there is no subject matter jurisdiction. See Castillo v. Marshall, 207 F.3d 15, 15 (9th Cir. 1997) (citation omitted). Upon dismissal, pro se plaintiffs proceeding in forma pauperis must be given leave to "amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." Franklin v. Murphy, 745 F.2d 1221, 1235 n.9 (9th Cir. 1984) (citations omitted).

## III. DISCUSSION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Furthermore, as courts of limited jurisdiction, "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction." Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 434 (2011). Here, Plaintiffs slap a civil-rights-violation label on what, on the facts alleged, are state law claims. That being so, they have not established federal question jurisdiction under 28 U.S.C. section 1331.

To state a claim for a civil rights violation under 18 U.S.C. section 1983, a complaint "must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006). To adequately plead the first element, the complaint must identify what constitutional or other federal right each defendant violated, providing sufficient facts to plausible support each purported

violation. See, e.g., Drawsand v. F.F. Props., L.L.P., 866 F. Supp. 2d 1110, 1121 (N.D. Cal. 2011) ("Aside from passing references to due process and equal protection, the Complaint fails to allege how [plaintiffs'] constitutional rights were violated and fails to identify each Defendant's role therein."). Plaintiffs have not done so.

For a start, Plaintiffs mistake the right to petition for redress of grievances as right to receive redress. The First Amendment does not "require policymakers to listen or respond" to petitions, let alone that demand is met. Minnesota Bd. for Comm. Colleges v. Knight, 465 U.S. 271, 285 (1984). And though they allege retaliation for an undisclosed "exercise" of First Amendment rights, see FAC at 2-3, Plaintiffs give no specifics about their protected speech, let alone provide facts suggesting that the negative outcome of their benefits application was indeed the result of retaliation rather than an official doing his job. See id.

As for the Seventh Amendment allegations, that constitutional provision guarantees a right to a jury trial in suits properly brought in federal court. See U.S. Const. amend. VII. It says nothing about how states may or may not organize administrative processes, as Plaintiffs appear to argue. Compare id. with FAC at 2.

Under Title II of the ADA, Plaintiffs must plausibly allege that they are "qualified individual[s] with a disability" and that the District denied them benefits or services "by reason of" their disability. See Duvall v. Cnty. of Kitsap, 260 F.3d 1124, 1135 (9th Cir. 2001); 42 U.S.C. § 12132. What is more, they must also plausibly allege that they were intentionally discriminated against; naked assertions of nefarious intent will not do. See Duvall, 260 F.3d at 1138; Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plaintiffs provide no facts establishing that they are qualified individuals under the statute or that the denial of public benefits had anything to do with their protected status. See FAC at 3.

Under Title VI of the Civil Rights Act, Plaintiffs must plausibly allege that they were intentionally discriminated against "on the basis of race, color, or national origin" or, at the very least, that the state used a neutral practice or procedure that has a disparate impact on protected individuals that does not have a legitimate and substantial justification. See 42 U.S.C. § 2000d; Larry P. v. Riles, 793 F.2d 969, 981-83 (9th Cir. 1984). Again, Plaintiffs

allege nothing close on either score. See FAC at 3.

Finally, as much as the Court would regret Plaintiffs not being treated with "courtesy, consideration, and respect," id., that is not what the Constitution or federal law protects.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' first amended complaint is DISMISSED with leave to amend within 30 days of the issuance of this amended order. Plaintiffs are REMINDED that "repeated failure to cure deficiencies by amendments previously allowed" will result in their case being dismissed with prejudice. Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty., 708 F.3d 1109, 1117 (9th Cir. 2013) (quotation omitted). For that reason, the Court again directs their attention to the Handbook for Pro Se Litigants, which is available on the Court's website located at http://cand.uscourts.gov/proselitigants. Plaintiffs may also contact the Legal Help Center, 450 Golden Gate Avenue, 15th Floor, Room 2796, Telephone No. (415) 782-8982, for free assistance regarding their claims.

**IT IS SO ORDERED.**

Dated: May 3, 2017

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE